IN THE _Circuit_ COURT OF THE ___1st___ JUDICIAL DISTRICT

OF HIINDS COUNTY, MISSISSIPPI

_Paris Crisley_                                    PLAINTIFF

VS.                                                CAUSE NO: __25-575__

_MS Dept. of Corrections_                          DEFENDANT


    I, ZACK WALLACE, CIRCUIT CLERK, OF THE CIRCUIT CLERK IN AND FOR THE SAID STATE

AND COUNTY DO HEREBY CERTIFY THAT THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL

THE PAPERS FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUASE, AS OF THIS

DATE THE SAME IS OF RECORED IN THIS OFFICE IN:

    MEC: __25CI1: 25-CV-00575__

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE __9__ DAY OF __December__, 20__25__


BY: __Karla Bailey__ D.C.

ZACK WALLACE, CIRCUIT CLERK

HINDS COUNTY, MISSISSIPPI



# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
## CIVIL DOCKET FOR CASE #: 25CI1:25-cv-00575-AHW

CHISLEY v. THE MISSISSIPPI DEPARTMENT OF
CORRECTIONS et al
Assigned to: Adrienne Wooten

Date Filed: 07/24/2025
Current Days Pending: 138
Total Case Age: 138
Jury Demand: None
Nature of Suit: Employment (5)

**Upcoming Settings:**

None Found

---

**Plaintiff**

**PARIS CHISLEY**                    represented by    **Michael Richard Brown**
Michael R. Brown Law Offices, PLLC
120 N. Congress St.
Suite 710
JACKSON, MS 39201
601-948-5330
Fax: 601-948-5415
Email: mbrown@mikelawms.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JOHN AND JANE DOES 1-5**

**Defendant**

**THE MISSISSIPPI DEPARTMENT OF
CORRECTIONS**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/24/2025 | 2 | COMPLAINT against JOHN AND JANE DOES 1-5, THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, filed by PARIS CHISLEY. (Attachments: # 1 Civil Cover Sheet,) (Lyons, Dawn) (Entered: 07/24/2025) |
| 07/24/2025 | 3 | SUMMONS Issued to THE MISSISSIPPI DEPARTMENT OF CORRECTIONS. (Attachments: # 1 Civil Cover Sheet,) (Lyons, Dawn) (Entered: 07/24/2025) |
| 08/28/2025 | 4 | SUMMONS Returned Executed by PARIS CHISLEY. THE MISSISSIPPI DEPARTMENT OF CORRECTIONS served on 8/7/2025, answer due 9/6/2025. Service type: Personal (Brown, Michael) (Entered: 08/28/2025) |
| 11/14/2025 | 5 | SUMMONS Issued to THE MISSISSIPPI DEPARTMENT OF CORRECTIONS. (RH) (Entered: 11/14/2025) |
| 11/14/2025 | 6 | SUMMONS Returned Executed by PARIS CHISLEY. THE MISSISSIPPI DEPARTMENT OF CORRECTIONS served on 11/14/2025, answer due 12/14/2025. Service type: Personal |

| MEC Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/09/2025 09:32:35 | | | |
| **You will be charged $0.20 per page to view or print documents.** | | | |
| **MEC Login:** | dm9648M | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 25CI1:25-cv-00575-AHW |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

### IN THE CIRCUIT COURT OF HINDS, COUNTY
### FIRST JUDICIAL DISTRICT
### JACKSON, MISSISSIPPI

**PARIS CHISLEY**                                                                     **PLAINTIFF**

**V.**                                                           CIVIL ACTION NO.: 25-575

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES 1-5**                                      **DEFENDANTS**

### COMPLAINT
### (A JURY TRIAL IS DEMANDED)

COMES NOW Plaintiff, PARIS CHISLEY, (also referred to as Plaintiff) and brings this action against the captioned Defendant. As more specifically set forth below, Plaintiff has been subjected to sexual harassment, and retaliation. The actions of the Defendant described herein constitute violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 *et seq.* as amended, (hereafter also referred to as "Title VII"). This is to allege Plaintiff is entitled to all recoverable costs, amounts, damages provided for and within Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 *et seq.* as amended, 42 U.S.C § 1981a

In support of her Complaint and causes of action set as forth therein, Plaintiff respectfully sets forth as follows:

### JURISDICTION AND VENUE

1.    At all relevant times hereto Defendant THE MISSISSIPPI DEPARTMENT OF CORRECTIONS has been an Employer engaged in an industry affecting commerce within the meaning of Section 701(b), through (h) of Title VII, 42 U.S.C. §2000e(b) through (h) and other relevant sections of law. In the alternative and in addition, Mississippi Department of Corrections

otherwise falls under the jurisdiction of (and is subject to) laws noted in this Complaint. Plaintiff specifically claims she is entitled to recover all such available damages recoverable under all laws referred to in this Complaint, all of which are sought pursuant to this Complaint whether or not specifically noted below.

 2. This Honorable Court has jurisdiction of this matter and venue is proper under Mississippi Code Ann. § 11-11-3 because substantial acts and omissions giving rise to liability occurred in the above judicial district. Further this Honorable Court has jurisdiction of this matter pursuant to Mississippi Code of 1972 § 9-7-81 (and/or otherwise has jurisdiction) and all amount in controversy requirements that have been met. Plaintiff prays for relief at an amount to be determined at trial by jury, in excess of the minimum jurisdictional amounts of this Court. Jurisdiction and Venue are otherwise proper.

 3. All claims, sentences, statements, causes of action, paragraphs and theories of recovery are alleged in the alternative to each other, and also in addition to each other. All matters are set forth while reserving the chance to provide additional or explaining details. The Counts below are intended to include claims with similar legal basis in the interest of organization and efficiency. Nevertheless, there are several claims in each Count.

 4. Plaintiff has satisfied administrative conditions prior to the commencement of this action, by timely filing her Charge of Discrimination with the Equal Employment Opportunity Commission on or about October 31, 2023. Plaintiff was issued a Right to Sue letter dated April 29, 2025, which is attached hereto as *Exhibit "A"* along with her Charge. Plaintiff incorporates the Exhibit "A" Charge and Right to Sue into this Complaint as though its contents were explicitly set forth.

 5. For the purposes of this Complaint, all conduct, facts, occurrences, acts and omissions providing any basis for the civil rights violations, federal law violations, state law

violations perpetuated by Defendants (including but not limited to sex discrimination, sexual harassment) shall hereafter be referred to as "actionable conduct".

      6.      Defendant John and Jane Does are individuals or entities who may be held liable of vicariously liable to the extent Plaintiff wishes to proceed against them. They are the proper names for Corporate entities as well who may have had any role in the harassment to the extent Plaintiff elects to proceed against them.

## PARTIES

      7.      Plaintiff, PARIS CHISLEY, is currently a resident of Michigan residing at 7070 Comfort St., Lansing, Michigan 48915.

      8.      Defendant, THE MISSISSIPPI DEPARTEMENT OF CORRECTIONS, may be served with process through its Commissioner, Burl Cain, at 301 North Lamar Street, Jackson, Mississippi 39201.

      9.      Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served and that the proper places of business are noted). This shall also serve as Plaintiff's motion to substitute parties, and registered agents, and to assure proper parties and party names are before the Court to the extent Plaintiff wishes to advance the same.

## FACTS

      10.      Plaintiff began working for Defendant, on or about March 2023. Plaintiff previously worked for Defendant in 2022 and then departed until March 2023 when she returned. Plaintiff was hired as a Correctional Officer in March 2023 and then became a Seargent in April 2023. Plaintiff's constructive discharge occurred on or about September 4, 2023 when she had no reasonable choice but to resign due to the hostile work environment and retaliation. Plaintiff tried to return to work again on December 13, 2023 when she had an interview for a position as a Captain. Plaintiff was

told that she would need to wait one year for any rehire. Plaintiff maintains this was false and that she could have been able to return though was retaliated against for her complaints of a sexually hostile work environment by not being allowed to return.

11.     During the interview, Plaintiff was laughed at by Deputy Warden Smith when she discussed the sexual harassment and why she had to previously leave.

12.     Plaintiff was subjected to sexual harassment by Major George Franklin (also one of Plaintiff's supervisors) regularly on multiple occasions from May 2023 to on or about June 22, 2023 when Plaintiff had to leave the employment as a result of his behavior. Plaintiff had severe mental symptoms that required her to leave the work environment or suffer continued injury. Plaintiff initially attempted to return on August 14, 2023 however she had a severe panic attack and could not return or risk her health being affected severely. Previously on or about June 15, 2023, Plaintiff sought a transfer to be moved to CMCF from the youth center. Plaintiff needed to be away from Franklin whose behavior had not stopped.

13.     While Plaintiff was away, Plaintiff informed Defendant on September 4, 2023 that she had to resign due to the conduct complained about, and that she could not return under the conditions she was faced with. Plaintiff thereafter received no communication from HR.

14.     Plaintiff complained about the sexual harassment referred to below in this Complaint on multiple occasions including, but not limited to complaining to Captain Sandifer, Warden Mabry, Major Lavine, and two other Captains. Defendant acted in retaliation by creating an increasingly hostile work environment and failing to address or correct the work environment therefore causing it to be so intolerable that she had to resign. Plaintiff had no reasonable choice but to resign when considering the conduct as a whole, and Defendant's lack of adequate action to address and correct the severe and/or pervasive harassment.

4

15.     The harassment initially started with an unsolicited dinner invitation from Major George Franklin. He came on to Plaintiff and was extremely flirtatious. He ignored Plaintiff stating she had a fiancé and that she was not interested in his come-ons. Major Franklin insisted that he just wanted to get to know Plaintiff better, even though Plaintiff did not show any interest in him.

16.     On a daily basis, Major Franklin made sexually suggestive and inappropriate comments. The comments became more aggressive, serious and disrespectful as time progressed and also after Plaintiff complained.

17.     Major Franklin stated on a continuous basis things like "I can't wait to come to work to see you". He also asked, "is your butt soft? (Is all of that butt real?)".

18. Plaintiff was also asked by Major Franklin, "do you have a BBL?" "Have you ever had a dic***man?" Major Franklin also talked about his sex toys and the women he had. Major Franklin created a hostile work environment for Plaintiff.

19.     During the time Plaintiff came in proximity to Major Franklin he repeatedly made sexually obvert, explicit inappropriate comments to Plaintiff regarding her body, especially her behind.

20.     Major Franklin made it a habit of drawing unnecessary and unwanted attention towards Plaintiff in front of inmates, which caused the inmates to ask Plaintiff inappropriate questions. On one occasion, an inmate groped Plaintiff's behind. Major Franklin told an inmate that he was "going to hit that", referring to Plaintiff.

21.     Another example of Major Franklin's sexual harassment was during May 2023, Plaintiff was seated in the day room applying lip gloss, Major Franklin told Plaintiff that she had some "big pretty lips", "you look like you can suck some good d**k", then he proceeded to laugh at his comment. Plaintiff told Major Franklin not to play with her and disrespect her in that manner.

5

22.    Plaintiff had a conversation with Warden Mabry concerning Major Franklin's conduct.

23.    Plaintiff explained to Warden Mabry that Major Franklin had sexually harassed her on several occasions, and she complained about the conduct referred to in this Complaint.

24.    Warden Mabry told Plaintiff that Plaintiff should expect men to behave like that towards women with Plaintiff's body type. The Warden also stated to Plaintiff that "men don't come at women built like me". She also stated that I should expect men to behave like that towards woman with my body type.  Warden Mabry was not being impartial, and sided with the harasser without significant investigation and without adequate concern for Plaintiff's work environment, safety and wellbeing.

25.    It is Plaintiff's understanding that Warden Mabry and Major Franklin were romantically involved therefore creating a conflict with Mabry enforcing work rules against him, though Plaintiff's claims exist regardless. She also disregarded Plaintiff's complaints of severe sexual harassment.  Warden Mabry was often there at the time Plaintiff was sexually harassed.

26.    Plaintiff reported the incidents to Staff Hotline on or about June 24, 2023, but to Plaintiff's knowledge nothing was done to correct the issues.

27.    Plaintiff suffered significant retaliation and was clearly disfavored following her Complaints.   After Plaintiff started to complain, Major Franklin continued and escalated his harassment.  Warden Mabry knew about this and allowed this conduct to continue.  It is Plaintiffs understanding that Mabry knew of the continued harassment and retaliatory environment.  Plaintiff was further placed with the responsibility to manage AA, and extremely challenging disabled and potentially dangerous inmate.  This was retaliatory because it was an extremely undesirable position given the conduct of AA and the need to be concerned for Plaintiff's safety while working with her.

28.     The HR Manager, Barbara Harris called Plaintiff a bi**h on June 24, 2023 as Plaintiff was reporting harassment.    It is clear that Plaintiff was being disregarded, mistreated and retaliated against.

29.     Plaintiff had no reasonable choice but to resign from the environment because she could not work in an environment permeated with sexual harassment.

30.     Plaintiff could not be subject to severe civil rights violations in knowing and willful disregard for Plaintiff.

31.     Plaintiff maintains that due to Defendant's actionable conduct, she is unable to get a job with MDOC due to communication from HR at the Central Mississippi Correctional Facility.

32.     As a result of the conduct, Plaintiff has received mental health treatment due to the effects of the hostile work environment upon her.

33.     At the EEOC level, the Defendant alleged that Plaintiff was upset about Franklin not cooking for her.  Franklin denied acting inappropriately with Plaintiff.  These statements and suggestions are wholly untrue.

34.     Plaintiff had concerns regarding the frequent, threatening nature of the sexual harassment and suffered significant emotional distress as a result, and because it was not adequately addressed as more fully stated above and below.  Plaintiff suffered and continued to suffer symptoms to her mental and emotional well-being as a result of experiencing the sexual harassment, retaliation, and coming in close proximity to the harasser.

35.     After Plaintiff's complaints, and as a result of them, Plaintiff was subject to an increasingly hostile work environment and/or a retaliatory work environment and ultimately discriminatory and retaliatory constructive discharge.

7

36.    The actionable conduct continued in various forms after Plaintiff's complaints as part of adverse actions against her. The adverse action was of the kind and character that would discourage a reasonable worker from complaining.

37.    Should Defendant claim Plaintiff failed to take advantage of or avail herself of corrective opportunities (which Plaintiff denies based on what she reasonably understood to be available opportunities), Plaintiff was not unreasonable when considering all circumstances as a whole. (Plaintiff reserves the right to deny he failed to adequately take advantage of or avail herself of corrective opportunities when all circumstances are considered as a whole). Plaintiff acted reasonably in reliance on Defendant when considering all facts and complained on multiple occasions.

38.    In the alternative to the above and in addition to the other allegations, Defendant did not communicate adequate policies, procedures and/or practices adequately and sufficiently. In the alternative and in addition, Defendant did not carry out adequate policies, procedures, and/or practices sufficiently and adequately. In the alternative and in addition, Defendant's policies, procedures, and/or practices were not adequate when considering all factors. In the alternative and in addition, Defendant offered one or more complaint procedures that were ineffective, and legally infirm.

39.    In the alternative and in addition to the allegations in the prior paragraph, the hostile and/or retaliatory work environment essentially allowed one or more inadequate avenues to complain.

40.    Plaintiff acted reasonably when considering all facts and how he complained and attempted to have the environment addressed.

41.    Defendant's conduct directly and proximately resulted in all losses referred to herein. It was reasonably foreseeable Plaintiff would suffer the losses she did as a result of actionable conduct which affected him.

## CAUSES OF ACTION

### COUNT I
### CLAIMS UNDER SECTION 703 OF TITLE VII AS AMENDED, FOR HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT DURING EMPLOYMENT AND SEPARATELY RESULTING IN CONSTRUCTIVE DISCHARGE

42.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

43.    Defendant is alleged to have violated 42 U.S.C. § 2000e-2 *et seq.* as amended. This action therefore arises under Title VII of the Civil Rights Act of 1964 as amended including but not limited to the Civil Rights Act of 1991 as amended, 42 § U.S.C. 1981a.

44.    Defendant subjected Plaintiff to a hostile work environment, severe or pervasive sexual harassment, for which Defendant is legally responsible, and which Defendant failed to promptly and adequately correct or address.

45.    Plaintiff was treated adversely as a result of sexual harassment in the environment substantially affecting her and the work environment, resulting in Plaintiff's constructive discharge – she had no reasonable choice but to resign.

46.    Defendant is liable for hostile work environment created by one or more employees prior to Plaintiff's constructive discharge and at the time she had no reasonable choice but to resign.

9

47.    Although Plaintiff meets the requirements of claims for hostile work environment (as well as retaliation) prior to discharge as stated in this Count, Plaintiff maintains separate claims for hostile work environment sexual harassment resulting in her constructive discharge regardless.

48.    Plaintiff makes separate claims for each act of sexual harassment perpetuated upon him. Plaintiff makes separate claims under the above laws for each act of sexual harassment referred to in this Complaint, and which may be illustrated in discovery.

49.    As a direct and proximate result of Defendant's conduct toward Plaintiff described above in this Count, Plaintiff has sustained losses as more fully described below. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated here.

50.    Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. They were legally wanton and/or willful and/or reckless and/or grossly negligent. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

### COUNT II
### CLAIMS UNDER TITLE VII FOR RETALIATION

51.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

52.    Plaintiff was treated adversely with regard to the terms and conditions of employment when Plaintiff was retaliated against by Defendant due to opposing sexually harassing conduct on the part of Major Franklin, and for complaining about that conduct to others in the supervisory structure. Plaintiff was retaliated against by Defendant's open intentional failure to

adequately investigate, or address Plaintiff's complaints referred to above, and by its failure to allow her to see her concerns investigated.    Plaintiff was retaliated against when Defendant engaged in adverse actions against Plaintiff for complaining, and when Defendant's harassing actions escalated in response to Plaintiffs refusal to submit to sexual harassment.

53.    Plaintiff was retaliated against by an increasingly hostile work environment resulting in constructive discharge as a result of Plaintiff's complaints as more fully described above and in discovery.

54.    Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) *et seq.*, as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies, therefore.

55.    Plaintiff makes separate claims for each act of retaliation perpetuated upon Plaintiff's following each separate time complaining.  Plaintiff makes separate claims under all laws applicable to her allegations for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery.  Plaintiff makes separate claims for each act of retaliation occurring prior to discharge and following it.

56.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

57.    Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff.  They were legally wanton and/or willful and/or reckless and/or grossly negligent. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

DAMAGES INCLUDING, BUT NOT LIMITED TO,
PUNITIVE DAMAGES

58.    Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.    Plaintiff suffered losses and damages as set forth below and incorporated herein as a result of Defendants actions, inactions, and tortious breaches. Plaintiff preserves a claim for punitive damages for conduct which was grossly negligent, willful and/or wanton and/or in reckless disregard for her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was).  Defendants acted in reckless disregard for Plaintiff's civil rights and for the law in their actionable conduct giving rise to the above claims.  In the alternative and in addition, Defendant's actions against Plaintiff were of the kind and character so as to support all damages referred to in this Complaint including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action against each proper Defendant separately, individually and together.

1. Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals, benefits of employment of any kind, whether retirement, healthcare or otherwise, and other pecuniary losses proximately caused by Defendant's unlawful conduct to be illustrated in discovery, as well as all other fair compensation for the acts and omissions referred to;

2. Damages against Defendants in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include

but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress and non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical and mental health treatment which Plaintiff has incurred following the actionable conduct due to severe distress, and which might occur in the future, and which Plaintiff might be recommended to have, or which she might have been recommended to have. Plaintiff thereofr specifically prays for compensation related to any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended or which might have been recommended, which might occur, or which might have occurred, in the past, present or future, or for the past, present and future. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages she may legally recover under State and Federal Law. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint; and

3. Plaintiff prays for all compensatory damages and other damages available as a result of Defendant's tortious breaches, torts, State and Federal and legal violations.

4. Plaintiff prays for punitive damages in the maximum amount allowed by law whether State or Federal.

5. Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

### JURY TRIAL DEMAND

**Plaintiff demands a jury trial on all matters raised by the Complaint**

**as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED THIS THE _24th_ day of _July_, 2025.

BY THE PLAINTIFF,
PARIS CHISLEY
THROUGH COUNSEL,
MICHAEL R. BROWN, ESQ.

_____
MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 423-2023-01301 |
| | | and EEOC |

State or local Agency, if any

| I Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Paris N. Chisley | | |

**Street Address**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MISSISSIPPI DEPARTMENT OF CORRECTIONS | 101 - 200 Employees | |

**Street Address**

3794 HIGHWAY 468 W

PEARL, MS 39208

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| Sex | 04/15/2023          07/01/2023 |

THE PARTICULARS ARE (*if additional paper is needed, attach extra sheet(s)*):

I was rehired by the Mississippi Department of Correction as a Correctional Officer (Sergeant) in March of 2023. I have been subjected to sexual harassment by supervisor Major George Franklin on several occasions.

The harassment initially started with an unsolicited dinner invitation from Major George Franklin. The Major was extremely flirtatious and ignored me stating I have a fianc. He insisted that he just wanted to get to know me better, even though I made it known I was not interested in him. For example, on a daily basics Major Franklin made sexually suggestive and inappropriate comments that made me feel uncomfortable in his presence. The comments became more aggressive and disrespectful and over time went on. The following are examples he said on a continuous basis: "I cant wait to come to work to see you, Is your Butt soft (is all that butt real.), Do you have a BBL?, Have I ever had a Dicksman?, and He also talks about his sex toys and his women he had.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Paris N. Chisley** 10/31/2023 | SUBSCRIBED    AND    SWORN    TO    BEFORE    ME    THIS    DATE (*month, day, year*) |
| *Charging Party Signature* | |

EXHIBIT A

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 423-2023-01301 |
| | | and EEOC |

_State or local Agency, if any_

Major Franklin disrespectful and unprofessional attitude towards me created a hostile environment. Major Franklin repeatedly made sexually obvert explicit, inappropriate comments because he was being openly aggressive and disrespectful regarding my body, especially my behind. He made a habit of drawing unnecessary and unwanted attention to me as the Officer, in front of the inmates. The inmates followed the pattern Major Franklin set and began asking inappropriate questions. On one occasion an inmate even groped my butt. Major Franklin told an inmate that he was going hit that . Another example of Major Franklin making sexually inappropriate comments in front of the inmate occurred in May 2023. Major Franklin and I were seated at the table in the day room, and I applied lip gloss on my lips. Major Franklin said You have big pretty lips. You look like you could suck some good dick Major Franklin start laughing after I told him to not to play with me and disrespect me like that. I had a conversation with Warden Mabry about my concerns with Major Franklin. I explained to Warden Marby that Major Franklin has been disrespecting me on several occasions and even her. Warden Mabry said that I should expect men to behave like that towards women with my body type. She also stated that men dont come at women thats built like her, because they dont have all that like I have like me. (Meaning the shape of my hips and buttocks with flat stomach.) Instead of Warden Mabry being impartial it seems that she appeared to be biased in Major Franklin favor. These allegations were reported to the Staff Hotline on or about June 24, 2023, but to my knowledge nothing has happened to correct the issue.

I believe I have been discriminated against in violation of Title VII of The Civil Rights Act of 1964 as amended based on my sex (female).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mrs. Paris N. Chisley**<br><br>**10/31/2023**<br><br>_Charging Party Signature_ | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>_(month, day, year)_ |

**Mike Brown**

| | |
|---|---|
| **From:** | Paris Nicole <parisnicole0122@gmail.com> |
| **Sent:** | Tuesday, April 29, 2025 2:29 PM |
| **To:** | Mike Brown |
| **Subject:** | Fwd: Response: Your Civil Rights Division Report - 603945-FBR from the Employment Litigation Section |

---------- Forwarded message ----------
From: **DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>
Date: Tue, Apr 29, 2025 at 3:23 PM
Subject: Response: Your Civil Rights Division Report - 603945-FBR from the Employment Litigation Section
To: <parisnicole0122@gmail.com>

**U.S. Department of Justice**
**Civil Rights Division**                                    |  civilrights.justice.gov

603945-FBR

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Apr 29, 2025

Paris N. Chisley

parisnicole0122@gmail.com

Re:    Paris N. Chisley v. Mississippi Department of Corrections, et al.,
EEOC Charge No. 423-2023-01301

Dear Paris N. Chisley,

You are receiving this notice because you filed the above charge(s) with the
Equal Employment Opportunity Commission (EEOC), and you or your attorney
specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or
because the EEOC has determined that it will not be able to conclude its
administrative process within 180 days of the date it assumed jurisdiction of the

charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):

- Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious. If you haven't already, you may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Jackson Area Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/jackson/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: parisnicole0122@gmail.com, MBrown@mikelawms.com, beau.bettiga@mdoc.state.ms.us, eszean.mcduffey@eeoc.gov

**Contact**

civilrights.justice.gov

| | | |
|---|---|---|
| | U.S. Department of Justice | (202) 514-3847 |
| | Civil Rights Division | 1-855-856-1247 (toll-free) |
| | 950 Pennsylvania Avenue, NW | Telephone Device for the Deaf |
| | Washington, D.C. 20530-0001 | (TTY) (202) 514-0716 |



Case: 25CI1:25-cv-00575-AHW     Document #: 2-1     Filed: 07/24/2025     Page 1 of 1

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts     (Rev 2016)

**Court Identification Docket #**

| Case Year | Docket Number |
|---|---|

County #     Judicial District     Court ID (CH, CI, CO)     Local Docket ID

Month     Date     Year     *This area to be completed by clerk*     *Case Number if filed prior to 1/1/94*

| In the CIRCUIT | Court of HINDS | County — FIRST | Judicial District |
|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual CHISLEY          PARIS
Last Name          First Name          Maiden Name, if applicable     M.I.     Jr/Sr/III/IV

Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
_____ Estate of

Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
_____ D/B/A or Agency

Business
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
_____ D/B/A

Address of Plaintiff  7070 Comfort St., Lansing, Michigan 48915

Attorney (Name & Address)  Michael R. Brown, 120 N Congress St., Ste. 710, Jackson, MS 39201          MS Bar No. 99126

Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual
Last Name          First Name          Maiden Name, if applicable     M.I.     Jr/Sr/III/IV

Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
_____ Estate of

Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
_____ D/B/A or Agency

Business  MISSISSIPPI DEPARTMENT OF CORRECTIONS
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
_____ D/B/A

Attorney (Name & Address) - If Known          MS Bar No.

_____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [X] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other

## IN THE CIRCUIT COURT OF HINDS, COUNTY
### FIRST JUDICIAL DISTRICT
### JACKSON, MISSISSIPPI

**PARIS CHISLEY**                                                                 **PLAINTIFF**

**V.**                                                        CIVIL ACTION NO.: 25-575

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES 1-5**                                 **DEFENDANTS**

### COMPLAINT
#### (A JURY TRIAL IS DEMANDED)

COMES NOW Plaintiff, PARIS CHISLEY, (also referred to as Plaintiff) and brings this action against the captioned Defendant. As more specifically set forth below, Plaintiff has been subjected to sexual harassment, and retaliation. The actions of the Defendant described herein constitute violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 *et seq.* as amended, (hereafter also referred to as "Title VII"). This is to allege Plaintiff is entitled to all recoverable costs, amounts, damages provided for and within Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 *et seq.* as amended, 42 U.S.C § 1981a

In support of her Complaint and causes of action set as forth therein, Plaintiff respectfully sets forth as follows:

### JURISDICTION AND VENUE

1.     At all relevant times hereto Defendant THE MISSISSIPPI DEPARTMENT OF CORRECTIONS has been an Employer engaged in an industry affecting commerce within the meaning of Section 701(b), through (h) of Title VII, 42 U.S.C. §2000e(b) through (h) and other relevant sections of law. In the alternative and in addition, Mississippi Department of Corrections

1

otherwise falls under the jurisdiction of (and is subject to) laws noted in this Complaint. Plaintiff specifically claims she is entitled to recover all such available damages recoverable under all laws referred to in this Complaint, all of which are sought pursuant to this Complaint whether or not specifically noted below.

2.    This Honorable Court has jurisdiction of this matter and venue is proper under Mississippi Code Ann. § 11-11-3 because substantial acts and omissions giving rise to liability occurred in the above judicial district. Further this Honorable Court has jurisdiction of this matter pursuant to Mississippi Code of 1972 § 9-7-81 (and/or otherwise has jurisdiction) and all amount in controversy requirements that have been met. Plaintiff prays for relief at an amount to be determined at trial by jury, in excess of the minimum jurisdictional amounts of this Court. Jurisdiction and Venue are otherwise proper.

3.    All claims, sentences, statements, causes of action, paragraphs and theories of recovery are alleged in the alternative to each other, and also in addition to each other. All matters are set forth while reserving the chance to provide additional or explaining details. The Counts below are intended to include claims with similar legal basis in the interest of organization and efficiency. Nevertheless, there are several claims in each Count.

4.    Plaintiff has satisfied administrative conditions prior to the commencement of this action, by timely filing her Charge of Discrimination with the Equal Employment Opportunity Commission on or about October 31, 2023. Plaintiff was issued a Right to Sue letter dated April 29, 2025, which is attached hereto as *Exhibit "A"* along with her Charge. Plaintiff incorporates the Exhibit "A" Charge and Right to Sue into this Complaint as though its contents were explicitly set forth.

5.    For the purposes of this Complaint, all conduct, facts, occurrences, acts and omissions providing any basis for the civil rights violations, federal law violations, state law

2

violations perpetuated by Defendants (including but not limited to sex discrimination, sexual harassment) shall hereafter be referred to as "actionable conduct".

6.     Defendant John and Jane Does are individuals or entities who may be held liable of vicariously liable to the extent Plaintiff wishes to proceed against them. They are the proper names for Corporate entities as well who may have had any role in the harassment to the extent Plaintiff elects to proceed against them.

## PARTIES

7.     Plaintiff, PARIS CHISLEY, is currently a resident of Michigan residing at 7070 Comfort St., Lansing, Michigan 48915.

8.     Defendant, THE MISSISSIPPI DEPARTEMENT OF CORRECTIONS, may be served with process through its Commissioner, Burl Cain, at 301 North Lamar Street, Jackson, Mississippi 39201.

9.     Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served and that the proper places of business are noted). This shall also serve as Plaintiff's motion to substitute parties, and registered agents, and to assure proper parties and party names are before the Court to the extent Plaintiff wishes to advance the same.

## FACTS

10.     Plaintiff began working for Defendant, on or about March 2023. Plaintiff previously worked for Defendant in 2022 and then departed until March 2023 when she returned. Plaintiff was hired as a Correctional Officer in March 2023 and then became a Seargent in April 2023. Plaintiff's constructive discharge occurred on or about September 4, 2023 when she had no reasonable choice but to resign due to the hostile work environment and retaliation. Plaintiff tried to return to work again on December 13, 2023 when she had an interview for a position as a Captain. Plaintiff was

3

told that she would need to wait one year for any rehire. Plaintiff maintains this was false and that she could have been able to return though was retaliated against for her complaints of a sexually hostile work environment by not being allowed to return.

11.    During the interview, Plaintiff was laughed at by Deputy Warden Smith when she discussed the sexual harassment and why she had to previously leave.

12.    Plaintiff was subjected to sexual harassment by Major George Franklin (also one of Plaintiff's supervisors) regularly on multiple occasions from May 2023 to on or about June 22, 2023 when Plaintiff had to leave the employment as a result of his behavior. Plaintiff had severe mental symptoms that required her to leave the work environment or suffer continued injury. Plaintiff initially attempted to return on August 14, 2023 however she had a severe panic attack and could not return or risk her health being affected severely. Previously on or about June 15, 2023, Plaintiff sought a transfer to be moved to CMCF from the youth center. Plaintiff needed to be away from Franklin whose behavior had not stopped.

13.    While Plaintiff was away, Plaintiff informed Defendant on September 4, 2023 that she had to resign due to the conduct complained about, and that she could not return under the conditions she was faced with. Plaintiff thereafter received no communication from HR.

14.    Plaintiff complained about the sexual harassment referred to below in this Complaint on multiple occasions including, but not limited to complaining to Captain Sandifer, Warden Mabry, Major Lavine, and two other Captains. Defendant acted in retaliation by creating an increasingly hostile work environment and failing to address or correct the work environment therefore causing it to be so intolerable that she had to resign. Plaintiff had no reasonable choice but to resign when considering the conduct as a whole, and Defendant's lack of adequate action to address and correct the severe and/or pervasive harassment.

15.     The harassment initially started with an unsolicited dinner invitation from Major George Franklin. He came on to Plaintiff and was extremely flirtatious. He ignored Plaintiff stating she had a fiancé and that she was not interested in his come-ons. Major Franklin insisted that he just wanted to get to know Plaintiff better, even though Plaintiff did not show any interest in him.

16.     On a daily basis, Major Franklin made sexually suggestive and inappropriate comments. The comments became more aggressive, serious and disrespectful as time progressed and also after Plaintiff complained.

17.     Major Franklin stated on a continuous basis things like "I can't wait to come to work to see you". He also asked, "is your butt soft? (Is all of that butt real?)".

18. Plaintiff was also asked by Major Franklin, "do you have a BBL?" "Have you ever had a dic***man?" Major Franklin also talked about his sex toys and the women he had. Major Franklin created a hostile work environment for Plaintiff.

19.     During the time Plaintiff came in proximity to Major Franklin he repeatedly made sexually obvert, explicit inappropriate comments to Plaintiff regarding her body, especially her behind.

20.     Major Franklin made it a habit of drawing unnecessary and unwanted attention towards Plaintiff in front of inmates, which caused the inmates to ask Plaintiff inappropriate questions. On one occasion, an inmate groped Plaintiff's behind. Major Franklin told an inmate that he was "going to hit that", referring to Plaintiff.

21.     Another example of Major Franklin's sexual harassment was during May 2023, Plaintiff was seated in the day room applying lip gloss, Major Franklin told Plaintiff that she had some "big pretty lips", "you look like you can suck some good d**k", then he proceeded to laugh at his comment. Plaintiff told Major Franklin not to play with her and disrespect her in that manner.

22.    Plaintiff had a conversation with Warden Mabry concerning Major Franklin's conduct.

23.    Plaintiff explained to Warden Mabry that Major Franklin had sexually harassed her on several occasions, and she complained about the conduct referred to in this Complaint.

24.    Warden Mabry told Plaintiff that Plaintiff should expect men to behave like that towards women with Plaintiff's body type. The Warden also stated to Plaintiff that "men don't come at women built like me". She also stated that I should expect men to behave like that towards woman with my body type. Warden Mabry was not being impartial, and sided with the harasser without significant investigation and without adequate concern for Plaintiff's work environment, safety and wellbeing.

25.    It is Plaintiff's understanding that Warden Mabry and Major Franklin were romantically involved therefore creating a conflict with Mabry enforcing work rules against him, though Plaintiff's claims exist regardless. She also disregarded Plaintiff's complaints of severe sexual harassment. Warden Mabry was often there at the time Plaintiff was sexually harassed.

26.    Plaintiff reported the incidents to Staff Hotline on or about June 24, 2023, but to Plaintiff's knowledge nothing was done to correct the issues.

27.    Plaintiff suffered significant retaliation and was clearly disfavored following her Complaints. After Plaintiff started to complain, Major Franklin continued and escalated his harassment. Warden Mabry knew about this and allowed this conduct to continue. It is Plaintiffs understanding that Mabry knew of the continued harassment and retaliatory environment. Plaintiff was further placed with the responsibility to manage AA, and extremely challenging disabled and potentially dangerous inmate. This was retaliatory because it was an extremely undesirable position given the conduct of AA and the need to be concerned for Plaintiff's safety while working with her.

28.     The HR Manager, Barbara Harris called Plaintiff a bi**h on June 24, 2023 as Plaintiff was reporting harassment.   It is clear that Plaintiff was being disregarded, mistreated and retaliated against.

29.     Plaintiff had no reasonable choice but to resign from the environment because she could not work in an environment permeated with sexual harassment.

30.     Plaintiff could not be subject to severe civil rights violations in knowing and willful disregard for Plaintiff.

31.     Plaintiff maintains that due to Defendant's actionable conduct, she is unable to get a job with MDOC due to communication from HR at the Central Mississippi Correctional Facility.

32.     As a result of the conduct, Plaintiff has received mental health treatment due to the effects of the hostile work environment upon her.

33.     At the EEOC level, the Defendant alleged that Plaintiff was upset about Franklin not cooking for her.   Franklin denied acting inappropriately with Plaintiff.   These statements and suggestions are wholly untrue.

34.     Plaintiff had concerns regarding the frequent, threatening nature of the sexual harassment and suffered significant emotional distress as a result, and because it was not adequately addressed as more fully stated above and below.   Plaintiff suffered and continued to suffer symptoms to her mental and emotional well-being as a result of experiencing the sexual harassment, retaliation, and coming in close proximity to the harasser.

35.     After Plaintiff's complaints, and as a result of them, Plaintiff was subject to an increasingly hostile work environment and/or a retaliatory work environment and ultimately discriminatory and retaliatory constructive discharge.

36.    The actionable conduct continued in various forms after Plaintiff's complaints as part of adverse actions against her. .The adverse action was of the kind and character that would discourage a reasonable worker from complaining.

37.    Should Defendant claim Plaintiff failed to take advantage of or avail herself of corrective opportunities (which Plaintiff denies based on what she reasonably understood to be available opportunities), Plaintiff was not unreasonable when considering all circumstances as a whole.  (Plaintiff reserves the right to deny he failed to adequately take advantage of or avail herself of corrective opportunities when all circumstances are considered as a whole).  Plaintiff acted reasonably in reliance on Defendant when considering all facts and complained on multiple occasions.

38.    In the alternative to the above and in addition to the other allegations, Defendant did not communicate adequate policies, procedures and/or practices adequately and sufficiently.  In the alternative and in addition, Defendant did not carry out adequate policies, procedures, and/or practices sufficiently and adequately.  In the alternative and in addition, Defendant's policies, procedures, and/or practices were not adequate when considering all factors.  In the alternative and in addition, Defendant offered one or more complaint procedures that were ineffective, and legally infirm.

39.    In the alternative and in addition to the allegations in the prior paragraph, the hostile and/or retaliatory work environment essentially allowed one or more inadequate avenues to complain.

40.    Plaintiff acted reasonably when considering all facts and how he complained and attempted to have the environment addressed.

41.     Defendant's conduct directly and proximately resulted in all losses referred to herein. It was reasonably foreseeable Plaintiff would suffer the losses she did as a result of actionable conduct which affected him.

## CAUSES OF ACTION

### COUNT I
### CLAIMS UNDER SECTION 703 OF TITLE VII AS AMENDED, FOR HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT DURING EMPLOYMENT AND SEPARATELY RESULTING IN CONSTRUCTIVE DISCHARGE

42.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

43.     Defendant is alleged to have violated 42 U.S.C. § 2000e-2 *et seq.* as amended. This action therefore arises under Title VII of the Civil Rights Act of 1964 as amended including but not limited to the Civil Rights Act of 1991 as amended, 42 § U.S.C. 1981a.

44.     Defendant subjected Plaintiff to a hostile work environment, severe or pervasive sexual harassment, for which Defendant is legally responsible, and which Defendant failed to promptly and adequately correct or address.

45.     Plaintiff was treated adversely as a result of sexual harassment in the environment substantially affecting her and the work environment, resulting in Plaintiff's constructive discharge – she had no reasonable choice but to resign.

46.     Defendant is liable for hostile work environment created by one or more employees prior to Plaintiff's constructive discharge and at the time she had no reasonable choice but to resign.

47.     Although Plaintiff meets the requirements of claims for hostile work environment (as well as retaliation) prior to discharge as stated in this Count, Plaintiff maintains separate claims for hostile work environment sexual harassment resulting in her constructive discharge regardless.

48.     Plaintiff makes separate claims for each act of sexual harassment perpetuated upon him. Plaintiff makes separate claims under the above laws for each act of sexual harassment referred to in this Complaint, and which may be illustrated in discovery.

49.     As a direct and proximate result of Defendant's conduct toward Plaintiff described above in this Count, Plaintiff has sustained losses as more fully described below. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated here.

50.     Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff. They were legally wanton and/or willful and/or reckless and/or grossly negligent. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

## COUNT II
## CLAIMS UNDER TITLE VII FOR RETALIATION

51.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

52.     Plaintiff was treated adversely with regard to the terms and conditions of employment when Plaintiff was retaliated against by Defendant due to opposing sexually harassing conduct on the part of Major Franklin, and for complaining about that conduct to others in the supervisory structure. Plaintiff was retaliated against by Defendant's open intentional failure to

adequately investigate, or address Plaintiff's complaints referred to above, and by its failure to allow her to see her concerns investigated.    Plaintiff was retaliated against when Defendant engaged in adverse actions against Plaintiff for complaining, and when Defendant's harassing actions escalated in response to Plaintiffs refusal to submit to sexual harassment.

53.    Plaintiff was retaliated against by an increasingly hostile work environment resulting in constructive discharge as a result of Plaintiff's complaints as more fully described above and in discovery.

54.    Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) *et seq.*, as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies, therefore.

55.    Plaintiff makes separate claims for each act of retaliation perpetuated upon Plaintiff's following each separate time complaining.  Plaintiff makes separate claims under all laws applicable to her allegations for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery.  Plaintiff makes separate claims for each act of retaliation occurring prior to discharge and following it.

56.    As a direct and proximate result of Defendants' conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

57.    Defendant's acts and omissions were in reckless disregard of the statutory rights of Plaintiff.  They were legally wanton and/or willful and/or reckless and/or grossly negligent. Plaintiff's losses and damages at any part of this Complaint are meant to include but not be limited to her discharge and those that resulted therefrom.

## DAMAGES INCLUDING, BUT NOT LIMITED TO, PUNITIVE DAMAGES

58.    Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.    Plaintiff suffered losses and damages as set forth below and incorporated herein as a result of Defendants actions, inactions, and tortious breaches. Plaintiff preserves a claim for punitive damages for conduct which was grossly negligent, willful and/or wanton and/or in reckless disregard for her civil rights as well as in reckless disregard for the above law (as she alleges the conduct was).    Defendants acted in reckless disregard for Plaintiff's civil rights and for the law in their actionable conduct giving rise to the above claims.    In the alternative and in addition, Defendant's actions against Plaintiff were of the kind and character so as to support all damages referred to in this Complaint including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial on each separate claim(s) in each separate Count.    Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action against each proper Defendant separately, individually and together.

1.    Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals, benefits of employment of any kind, whether retirement, healthcare or otherwise, and other pecuniary losses proximately caused by Defendant's unlawful conduct to be illustrated in discovery, as well as all other fair compensation for the acts and omissions referred to;

2.    Damages against Defendants in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include

but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress and non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical and mental health treatment which Plaintiff has incurred following the actionable conduct due to severe distress, and which might occur in the future, and which Plaintiff might be recommended to have, or which she might have been recommended to have. Plaintiff thereofr specifically prays for compensation related to any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended or which might have been recommended, which might occur, or which might have occurred, in the past, present or future, or for the past, present and future. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages she may legally recover under State and Federal Law. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint; and

3. Plaintiff prays for all compensatory damages and other damages available as a result of Defendant's tortious breaches, torts, State and Federal and legal violations.

4. Plaintiff prays for punitive damages in the maximum amount allowed by law whether State or Federal.

5. Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages).

## JURY TRIAL DEMAND

**Plaintiff demands a jury trial on all matters raised by the Complaint as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED THIS THE _24th_ day of _July_, 2025.

BY THE PLAINTIFF,
PARIS CHISLEY
THROUGH COUNSEL,
MICHAEL R. BROWN, ESQ.

MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

14

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 423-2023-01301 |
| | | and EEOC |

*State or local Agency, if any*

| I Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Paris N. Chisley | | |

| Street Address |
|---|
| |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MISSISSIPPI DEPARTMENT OF CORRECTIONS | 101 - 200 Employees | |

| Street Address |
|---|
| 3794 HIGHWAY 468 W |
| PEARL, MS 39208 |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest | Latest |
| Sex | 04/15/2023 | 07/01/2023 |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was rehired by the Mississippi Department of Correction as a Correctional Officer (Sergeant) in March of 2023. I have been subjected to sexual harassment by supervisor Major George Franklin on several occasions.

The harassment initially started with an unsolicited dinner invitation from Major George Franklin. The Major was extremely flirtatious and ignored me stating I have a fianc. He insisted that he just wanted to get to know me better, even though I made it known I was not interested in him. For example, on a daily basics Major Franklin made sexually suggestive and inappropriate comments that made me feel uncomfortable in his presence. The comments became more aggressive and disrespectful and overt time went on. The following are examples he said on a continuous basis: "I cant wait to come to work to see you, Is your Butt soft (is all that butt real.), Do you have a BBL?, Have I ever had a Dicksman?, and He also talks about his sex toys and his women he had.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Paris N. Chisley** 10/31/2023 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |
| *Charging Party Signature* | |

EXHIBIT A

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 423-2023-01301 |
| | | and EEOC |
| | *State or local Agency, if any* | |

Major Franklin disrespectful and unprofessional attitude towards me created a hostile environment. Major Franklin repeatedly made sexually obvert explicit, inappropriate comments because he was being openly aggressive and disrespectful regarding my body, especially my behind. He made a habit of drawing unnecessary and unwanted attention to me as the Officer, in front of the inmates. The inmates followed the pattern Major Franklin set and began asking inappropriate questions. On one occasion an inmate even groped my butt. Major Franklin told an inmate that he was going hit that . Another example of Major Franklin making sexually inappropriate comments in front of the inmate occurred in May 2023. Major Franklin and I were seated at the table in the day room, and I applied lip gloss on my lips. Major Franklin said You have big pretty lips. You look like you could suck some good dick Major Franklin start laughing after I told him to not to play with me and disrespect me like that. I had a conversation with Warden Mabry about my concerns with Major Franklin.  I explained to Warden Mabry that Major Franklin has been disrespecting me on several occasions and even her. Warden Mabry said that I should expect men to behave like that towards women with my body type. She also stated that men dont come at women thats built like her, because they dont have all that like I have like me. (Meaning the shape of my hips and buttocks with flat stomach.) Instead of Warden Mabry being impartial it seems that she appeared to be biased in Major Franklin favor. These allegations were reported to the Staff Hotline on or about June 24, 2023, but to my knowledge nothing has happened to correct the issue.

I believe I have been discriminated against in violation of Title VII of The Civil Rights Act of 1964 as amended based on my sex (female).

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mrs. Paris N. Chisley**<br><br>**10/31/2023**<br><br><br>*Charging Party Signature* | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

**Mike Brown**

| | |
|---|---|
| **From:** | Paris Nicole <parisnicole0122@gmail.com> |
| **Sent:** | Tuesday, April 29, 2025 2:29 PM |
| **To:** | Mike Brown |
| **Subject:** | Fwd: Response: Your Civil Rights Division Report - 603945-FBR from the Employment Litigation Section |

---------- Forwarded message ---------
From: **DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>
Date: Tue, Apr 29, 2025 at 3:23 PM
Subject: Response: Your Civil Rights Division Report - 603945-FBR from the Employment Litigation Section
To: <parisnicole0122@gmail.com>

**U.S. Department of Justice**
**Civil Rights Division**                              | civilrights.justice.gov

603945-FBR

**NOTICE OF RIGHT TO SUE WITHIN 90 DAYS**

Apr 29, 2025

Paris N. Chisley

parisnicole0122@gmail.com

Re:    Paris N. Chisley v. Mississippi Department of Corrections, et al.,
EEOC Charge No. 423-2023-01301

Dear Paris N. Chisley,

You are receiving this notice because you filed the above charge(s) with the Equal Employment Opportunity Commission (EEOC), and you or your attorney specifically requested this notice.

Because either 180 days have passed since you filed the above charge(s), or because the EEOC has determined that it will not be able to conclude its administrative process within 180 days of the date it assumed jurisdiction of the

charge(s), you are hereby notified that you have the right to file a lawsuit commencing a civil action based on the charge(s) under the following statute(s):

- o   Title VII of the Civil Rights Act of 1964, 42 USC. 42 U.S.C. § 2000e, et seq.

If you decide to file a lawsuit under the statute(s) identified above, **you must file it in the appropriate court within 90 days of receiving this Notice**. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether your charge is meritorious. If you haven't already, you may want to consult with a private attorney of your own choosing and expense.

If you have questions or wish to inspect the investigative file pertaining to this matter, please address your inquiry to the following EEOC office: Jackson Area Office. Contact information for this office can be located at https://www.eeoc.gov/field-office/jackson/location.

Sincerely,

Complaint Referral Unit
Employment Litigation Section
Civil Rights Division

CC: parisnicole0122@gmail.com, MBrown@mikelawms.com, beau.bettiga@mdoc.state.ms.us, eszean.mcduffey@eeoc.gov

## Contact

civilrights.justice.gov

U.S. Department of
Justice
Civil Rights Division
950 Pennsylvania
Avenue, NW
Washington, D.C.
20530-0001

(202) 514-3847
1-855-856-1247
(toll-free)
Telephone Device
for the Deaf
(TTY) (202) 514-
0716



Case: 25CI1:25-cv-00575-AHW    Document #: 3-1    Filed: 07/24/2025    Page 1 of 1

| **COVER SHEET** **Civil Case Filing Form** *(To be completed by Attorney/Party Prior to Filing of Pleading)* | Court Identification Docket # | | Case Year | Docket Number |
|---|---|---|---|---|
| | County # | Judicial District (CH, CI, CO) | Court ID | Local Docket ID |

Mississippi Supreme Court    Form AOC/01    Month    Date    Year
Administrative Office of Courts    (Rev 2016)    This area to be completed by clerk    Case Number if filed prior to 1/1/94

| In the CIRCUIT | Court of HINDS | County — FIRST | Judicial District |
|---|---|---|---|

**Origin of Suit ("Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  CHISLEY    PARIS
_____ Last Name _____ First Name _____ Maiden Name, if applicable ___ M.I. __ Jr/Sr/III/IV

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

Address of Plaintiff  7070 Comfort St., Lansing, Michigan 48915

Attorney (Name & Address)  Michael R. Brown, 120 N Congress St., Ste. 710, Jackson, MS 39201    MS Bar No. 99126
_____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual
_____ Last Name _____ First Name _____ Maiden Name, if applicable ___ M.I. __ Jr/Sr/III/IV

_____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

_____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency

Business  MISSISSIPPI DEPARTMENT OF CORRECTIONS
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

Attorney (Name & Address) - If Known    MS Bar No.

_____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [X] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | | [ ] Other | [ ] Subrogation |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other
[ ] Wrongful Death
[ ] Other

## IN THE CIRCUIT COURT OF HINDS, COUNTY
### FIRST JUDICIAL DISTRICT,
### JACKSON, MISSISSIPPI

**PARIS CHISLEY**                                                          **PLAINTIFF**

**V.**                                    CIVIL ACTION NO.: 25-575

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES 1-5**                          **DEFENDANTS**

THE STATE OF MISSISSIPPI, HINDS COUNTY

TO:  Mississippi Department of Corrections
c/o Commissioner Burl Cain
301 N Lamar Street
Jackson, MS 39201
*Or wherever else they may be served*

### NOTICE TO DEFENDANT

**The Complaint which is attached to this Summons is important and you must take**

**immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint

herein to MICHAEL R. BROWN, one attorney for the Plaintiff, whose address is 120 NORTH

CONGRESS STREET, SUITE 710 JACKSON, MISSISSIPPI 39201. Your response must be

mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint

or a Judgment by Default will be entered against you for the money or other things demanded in the

complaint. You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the 24th day of July, 2025.

BY:

Circuit Clerk of HINDS COUNTY

ATTEST A TRUE COPY

JUL 2 4 2025          ZACK WALLACE, CIRCUIT CLERK

ZACK WALLACE, CIRCUIT CLERK

BY _____ D.C.

## IN THE CIRCUIT COURT OF HINDS, COUNTY
### FIRST JUDICIAL DISTRICT,
### JACKSON, MISSISSIPPI

**PARIS CHISLEY**                                                          **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO.: 25-575**

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**AND JOHN AND JANE DOES 1-5**                              **DEFENDANTS**

### PROOF OF SERVICE – SUMMONS

I _Alex Brown_ hereby certify that I am of sound mind, and of full capacity and authority to serve process. I have hereby served the SUMMONS TO MISSISSIPPI DEPARTMENT OF CORRECTIONS AS WELL AS A COPY OF THE COMPLAINT FILED BY PARIS CHISLEY:

on the _7th_ day of _August_____, 2025 where I found said person at

_301 N Lamar Street, Jackson, MS 39201_____.

STATE OF _Mississippi_____
COUNTY OF _Hinds_____

Personally appeared before me the undersigned authority in an for the state and county aforesaid, the within named _Alex Brown_____ who being first by me duly sworn on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER

SWORN to and subscribed before me this _28th_ day of _August_____, 20_25_.

_____
NOTARY PUBLIC

My Commission Expires:

_May 10, 2028_____

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID# 118659 LASHUNDA R. BOBBITT Commission Expires May 10, 2028 NEWTON COUNTY]

1

## IN THE CIRCUIT COURT OF HINDS, COUNTY
## FIRST JUDICIAL DISTRICT,
## JACKSON, MISSISSIPPI

**PARIS CHISLEY**                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.: <u>25-575</u>**

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES 1-5**                          **DEFENDANTS**

THE STATE OF MISSISSIPPI, HINDS COUNTY

TO:  Mississippi Department of Corrections
c/o Lynn Fitch – Mississippi Attorney General
Walter Silers Building
550 High Street
Jackson, MS 39201
*Or wherever else they may be served*

### <u>NOTICE TO DEFENDANT</u>

**The Complaint which is attached to this Summons is important and you must take**

**immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint

herein to MICHAEL R. BROWN, one attorney for the Plaintiff, whose address is 120 NORTH

CONGRESS STREET, SUITE 710 JACKSON, MISSISSIPPI 39201.  Your response must be

mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint

or a Judgment by Default will be entered against you for the money or other things demanded in the

complaint. You must also file the original of your response with the Clerk of this Court within a

reasonable time afterward.

Issued under my hand and the seal of said Court, this the __14__ day of _November_, 2025.

BY:

_Rina Haley, DC_
Circuit Clerk of HINDS COUNTY

## IN THE CIRCUIT COURT OF HINDS, COUNTY
## FIRST JUDICIAL DISTRICT,
## JACKSON, MISSISSIPPI

**PARIS CHISLEY**                                                           **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.: <u>25-575</u>**

**THE MISSISSIPPI DEPARTMENT OF CORRECTIONS**
**AND JOHN AND JANE DOES 1-5**                               **DEFENDANTS**

THE STATE OF MISSISSIPPI, HINDS COUNTY

> TO:  Mississippi Department of Corrections
> c/o Lynn Fitch – Mississippi Attorney General
> Walter Silers Building
> 550 High Street
> Jackson, MS 39201
> *Or wherever else they may be served*

<u>**NOTICE TO DEFENDANT**</u>

**The Complaint which is attached to this Summons is important and you must take**

**immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint herein to MICHAEL R. BROWN, one attorney for the Plaintiff, whose address is 120 NORTH CONGRESS STREET, SUITE 710 JACKSON, MISSISSIPPI 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the _14_ day of _November_ 2025.

BY:

_Rona Haley, D.C._
Circuit Clerk of HINDS COUNTY

**ATTEST A TRUE COPY**

**NOV 14 2025**

ZACK WALLACE, CIRCUIT CLERK

BY _Rona Haley_ D.C.

IN THE CIRCUIT COURT OF HINDS, COUNTY
FIRST JUDICIAL DISTRICT,
JACKSON, MISSISSIPPI


PARIS CHISLEY                                                    **PLAINTIFF**

V.                                                       CIVIL ACTION NO.: <u>25-575</u>


THE MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES 1-5                                **DEFENDANTS**

<u>PROOF OF SERVICE – SUMMONS</u>

I _Alex Brown_ hereby certify that I am of sound mind, and of full capacity and authority to serve process. I have hereby served the **SUMMONS TO MISSISSIPPI DEPARTMENT OF CORRECTIONS C/O ATTORNEY GENERAL LYNN FITCH AS WELL AS A COPY OF THE COMPLAINT FILED BY PARIS CHISLEY:**

on the _14_ day of _November_, 2025 where I found said person at

_550 High Street Jackson, MS_.


STATE OF _Mississippi_
COUNTY OF _Hinds_

Personally appeared before me the undersigned authority in an for the state and county aforesaid, the within named _Alex Brown_ who being first by me duly sworn on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
PROCESS SERVER

SWORN to and subscribed before me this _14th_ day of _November_, 20_25_.

_____
NOTARY PUBLIC

[Notary Seal:
STATE OF MISSISSIPPI
NOTARY PUBLIC
ID# 118659
LASHUNDA R. BOBBITT
Commission Expires
May 10, 2028
NEWTON COUNTY]

My Commission Expires:

_May 10, 2028_

1